IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
v. : CIVIL ACTION NO. 3:CV-04-0899
: (JUDGE KOSIK)
FRITZ BLEICH, et al., :
:
   Defendants. :

**MEMORANDUM**

Before this court is the Report and Recommendation issued by United States Magistrate Judge Thomas M. Blewitt granting the defendant's motion for summary judgment and motion for judgment on the pleadings. (Doc. 72). For the reasons that follow, we will adopt the Report and Recommendation of the Magistrate Judge and grant the defendant's motion for summary judgment and motion for judgment on the pleadings.

**BACKGROUND**

Keith Bartelli (hereinafter "Plaintiff"), an inmate at the State Correctional Institution at Dallas, Pennsylvania (SCI-Dallas), filed this civil rights action on April 26, 2004, pursuant to 42 U.S.C. §1983. (Doc. 1). The named defendants were Fritz Bleich, John Galabinski, Gibbon, Sgt. William Lewis, and Donald Jones. In his complaint, Plaintiff claims: (1) that defendant Bleich filed a false misconduct report against him; (2) that the defendant continually harassed Plaintiff between July 2001 and April 2002 in retaliation for Plaintiff's filing a criminal complaint against defendant Bleich in February of 2002; and, (3) that the defendant harassed and threatened Plaintiff in retaliation for Plaintiff's filing a grievance

against defendant Bleich on June 4, 2003.

The case was assigned to Magistrate Judge Thomas M. Blewitt who, on March 27, 2004, issued a Report and Recommendation recommending the dismissal of all of the defendants except Fritz Bleich. Magistrate Judge Blewitt determined that Plaintiff failed to assert specific allegations against any other defendants and that Plaintiff's allegations were inadequate to support a conspiracy claim. Magistrate Judge Blewitt also recommended that claims one and two be dismissed as time-barred, leaving only claim three to proceed against defendant Bleich. By Memorandum and Order dated October 29, 2004, this court adopted in part the Report and Recommendation of Magistrate Judge Blewitt, dismissing all defendants other than Fritz Bleich, but allowing all three claims to proceed against defendant Bleich.

Defendant Bleich filed a motion for summary judgment or for judgment on the pleadings on May 26, 2005. The defendant argued that Plaintiff's first claim should be dismissed as time-barred by the statute of limitations, that judgment should be entered in the defendant's favor on the second claim because Plaintiff failed to exhaust his administrative remedies, and that Plaintiff had not met the standard necessary to support his third retaliation claim. Plaintiff filed a response brief on August 3, 2005, arguing that genuine issues of material fact remained regarding the retaliation claims. On August 18, 2005, Magistrate Judge Blewitt issued a Report and Recommendation suggesting that this court grant defendant Bleich's motion for summary judgment on Plaintiff's first two claims and recommending that the alternative motion for judgment on the pleadings be granted

2

with respect to Plaintiff's third claim. Regarding the third claim, Magistrate Judge Blewitt determined that defendant Bleich's alleged misconduct did not rise to the level of "adverse action," a requisite element of a 42 U.S.C. §1983 retaliation claim. Neither Plaintiff nor defendant Bleich filed objections to the Report and Recommendation.

## DISCUSSION

### Standard of Review - Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the court must view the record in a light most favorable to the non-moving party. *Skerski v. Time Warner Cable Co.*, 257 F.3d 273, 278 (3d Cir. 2001). Moreover, the court must draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The burden rests with the moving party to demonstrate that there is no genuine issue of material fact. Thereafter, the non-moving party must counter with evidence that supports each essential element of his or her claim. *Skerski*, 257 F.3d at 278 (citing *Pittston Co. Ultramar Am. Ltd. v. Allainz Ins. Co.*, 124 F.3d 508, 515 (3d Cir. 1997)). The non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts," and where the record taken as a whole could not allow a rational fact-finder to find in favor of the non-

moving party, summary judgment is appropriate.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### Standard of Review - Motion for Judgment on the Pleadings

"A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss.  Therefore, viewing all of the facts in a light most favorable to the non-moving party and accepting as true the allegations in that party's pleadings and as false all controverted assertions of the movant, the court may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief."  *Constitution Bank v. DiMarco*, 815 F.Supp. 154, 157 (E.D.Pa.1993) (citing *United States v. Wood*, 925 F.2d 1580 (7th Cir.1991); *Haynesworth v. Miller*, 820 F.2d 1245, 1249, note 11 (D.C.Cir.1987); *International Paper Company v. Inhabitants of the Town of Jay*, 736 F.Supp. 359 (D.Me.1990)).

### Review of Report and Recommendation

If no objections are filed to a Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of plaintiff's claims.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985).  Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  *Henderson v. Carlson*, 812 F.2d 874, 878 (3rd Cir. 1987).

Having examined the Magistrate Judge's Report and Recommendation, we agree with his recommendation to grant defendant Bleich's motion for summary judgment and motion for judgment on the pleadings.  We concur with the

4

Magistrate Judge's analysis of the issues raised in the defendants's motion and find the Magistrate Judge's review of the record to be comprehensive. Specifically, we agree with the Magistrate Judge's conclusion that claim one of Plaintiff's complaint is time-barred and that claim two of the complaint should be dismissed as Plaintiff failed to exhaust his administrative appeals following the rejection of his July 18, 2002 grievance. This court will not restate the law and analysis regarding the first two claims of Plaintiff's complaint as they were set forth fully by the Magistrate Judge in his Report and Recommendation.

We further hold that judgment be entered in the defendant's favor on Plaintiff's third claim as Plaintiff's assertions of verbal abuse do not constitute "adverse action" sufficient to support a 42 U.S.C. §1983.   A prisoner alleging that prison officials have retaliated against him for exercising a constitutional right must prove that: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and, 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). The "adverse action" requirement is satisfied if the prisoner plaintiff can demonstrate that the defendant's action "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Rauser*, 241 F.3d at 333 (internal quotations and citations omitted). In *Rauser*, the Third Circuit held that the prison officials' actions in denying the plaintiff parole, transferring him to a distant prison where his family could not visit him regularly, and penalizing the prisoner financially constituted an

"adverse action" sufficient to overcome the defendants' motion for summary judgment. In another retaliation case, the Eastern District ruled that negative parole recommendations could constitute an "adverse action." *Wolfe v. Pennsylvania Dep't of Corrections*, 334 F.Supp.2d 762, 774 (E.D.Pa. 2004). Recently, in *Montgomery v. M.E. Ray, et al.*, 2005 WL 1995084 (3d Cir. 2005), the Third Circuit held that sanctioning a prisoner with 365 days loss of telephone privileges was an adverse action "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* at 3.

In the instant case, Plaintiff complains that the defendant verbally harassed and threatened him after Plaintiff filed a grievance and a criminal complaint against defendant Bleich. Plaintiff provides no evidence, other than his own assertions, that defendant Bleich made any oral threats. Accepting Plaintiff's contentions as true, he has failed to support the second prong of the retaliation analysis. Unlike negative parole recommendations, the loss of visitation or phone rights, and a transfer to a facility far from the prisoner's family, mere verbal threats cannot be viewed as an "adverse action" sufficient to deter a person of ordinary firmness from exercising his First Amendment Rights. As the Magistrate Judge noted, the copiousness of Plaintiff's civil rights lawsuits and complaints against prison officials belie any assertion that defendant Bleich's alleged threats affected Plaintiff's exercising his First Amendment Rights.[1] Absent an allegation of "adverse action"

---

[1] Plaintiff is a prolific filer of 42 U.S.C. § 1983 suits. On July 26, 2005, we adopted a Report and Recommendation authored by Magistrate Judge Blewitt dismissing another civil rights action filed by Keith Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also know as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to

6

on the part of defendant Bleich, Plaintiff cannot make out a *prima facie* case of retaliation. *See Rauser*, 241 F.3d at 333 (holding prisoner litigating a retaliation claim must show he suffered some "adverse action" at hands of prison officials). We will adopt Magistrate Judge Blewitt's recommendation to grant the defendant's motion for judgment on the pleadings as to claim three of Plaintiff's complaint. *See Constitution Bank*, 815 F.Supp. at 157 (holding court may only grant motion for judgment on the pleadings if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief).

## **CONCLUSION**

Because we find that the Magistrate Judge adequately addressed the issues raised by the defendant, we will adopt the Magistrate Judge's recommendation and grant the defendant's motion for summary judgment and judgment on the pleadings. Plaintiff's first claim is time-barred by the statute of limitations. Claim two of the complaint must fail as Plaintiff failed to exhaust his administrative appeals following the rejection of his July 18, 2002 grievance. Finally, Plaintiff's third claim neglects to allege an "adverse action" necessary to pursue a claim for retaliation. Having given "reasoned consideration" to Magistrate Judge Blewitt's Report and Recommendation, we will adopt the Report and Recommendation and grant the defendant's motion for summary judgment as to claims one and two of Plaintiff's complaint, and grant the defendant's motion for judgment on the pleadings with regard to Plaintiff's third claim. *See Henderson*, 812 F.2d at 878 (holding general practice is for court to give reasoned consideration to Report and

---

state a claim. *See Bartelli v. Beard, et al.* CV-05-1285.

7

Recommendation where no objections are filed).  The case will be closed as no claims remain against any defendants.

Case 3:04-cv-00899-EMK   Document 73   Filed 09/26/05   Page 8 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
    Plaintiff, :
: NO. 3:CV-04-0899
v. :
: (JUDGE KOSIK)
FRITZ BLEICH, et al., :
    Defendants. :

## **ORDER**

AND NOW, this 26th day of September, 2005, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated August 18, 2005 (Doc. 72) is **adopted**;

[2] the defendant's motion for summary judgment is granted as to claims one and two of the plaintiff's complaint;

[3] the defendant's alternative motion for judgment on the pleadings is granted as to claim three of the complaint;

[4] judgment is entered in favor of defendant, Fritz Bleich, and against the plaintiff, Keith Bartelli, on all claims; and,

[5] the Clerk of Court is directed to close this case, and forward a copy of this Memorandum and Order to the Magistrate Judge.

                                      s/Edwin M. Kosik
                                  United States District Judge