IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
v. : CIVIL ACTION NO. 3:CV-04-0899
: (JUDGE KOSIK)
FRITZ BLEICH, et al., :
:
   Defendants. :

## **MEMORANDUM**

Before this court is the plaintiff's "Objection to Report and Recommendation," filed on November 14, 2005 (Doc. 74), as well as his "Application For a Bill of Judicial Review" and "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910," filed on November 23 and 25, 2005 (Doc. 75 and 76), construed together as a motion for reconsideration. For the reasons that follow, we will dismiss the plaintiff's Objections, deny his motion for reconsideration, and will let stand our September 26, 2005 order entering judgment in favor of the defendant and closing this case.

## **FACTUAL HISTORY**

On April 26, 2004, plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983, against Fritz Bleich, John Galabinski, Gibbon, Sgt. William Lewis, and Donald Jones, all staff members at the State Correctional Institution at Dallas, Pennsylvania (SCI Dallas). On April 28, 2004, this court issued a Standing Practice Order informing the plaintiff, among other procedural issues, of his

obligation to notify the court in the event that he is transferred to a new prison. (Doc.6). The matter was assigned to United States Magistrate Judge Thomas M. Blewitt. On October 29, 2004, this court adopted in part the Report and Recommendation of Magistrate Judge Blewitt, and dismissed all defendants other than Fritz Bleich.

The remaining defendant filed a motion for summary judgment or for judgment on the pleadings on May 25, 2005. (Doc. 57). Both parties briefed the motion for summary judgment. (Docs. 66 and 69). Magistrate Judge Blewitt issued a Report and Recommendation on August 18, 2005, suggesting that this court grant defendant Bleich's motion for summary judgment on the plaintiff's first two claims and recommending that the alternative motion for judgment on the pleadings be granted with respect to the plaintiff's third claim. (Doc. 72). Neither the plaintiff, nor the defendant filed timely objections to the Report and Recommendation. On September 26, 2005, this court signed an order adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the defendant's favor, and closing the case. (Doc. 73).

On October 5, 2005, Bartelli filed a notice of change of address, indicating that he had been transferred from SCI Dallas to SCI Huntingdon. Bartelli filed another document on October 5, 2005, alleging that staff at both SCI Huntingdon and SCI Dallas interfered with his legal mail, and requesting an extension of time, until roughly October 8, 2005, to file objections to the various Report and Recommendations entered in his numerous 42 U.S.C. § 1983 lawsuits before this court. Neither the change of address, nor the document alleging interference with

the plaintiff's mail referenced any case by name or provided a docket number.[1]

On November 14, 2005, the plaintiff filed a document entitled "Objection to Report and Recommendation." (Doc. 74). The plaintiff filed an "Application For a Bill of Judicial Review" on November 23, 2005. (Doc. 75). Finally, on November 25, 2005, the plaintiff filed two letters with this court in which he again complained that staff at SCI Huntingdon interfered with his legal mail. (Doc. 76). The plaintiff dated the letters November 17, 2005, and labeled the document, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-04-0900, 0907, 0908, 0909, and 0910." Bartelli also filed his own affidavit with documents that he claims support his claims of governmental interference. (Doc. 76, Exhibits). We will construe the November 23 and 25, 2005 filings together as a motion for reconsideration of this court's September 26, 2005, order entering judgment in favor of the defendant.[2]

**DISCUSSION**

---

[1] Neither document was docketed in the instant case, but may be found in several other cases in which Bartelli is a plaintiff. *See e.g., Bartelli v. Jones*, 04-CV-0906, Docs. 68 and 69.

[2] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.*, 540 U.S. 375, 381-82 (2003) (*internal citations omitted*). Given Bartelli's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat the plaintiff's filing as a motion for reconsideration.

**I.    Objections to the Report and Recommendation**

Local Rule 72.3 requires that a party file objections to a Report and Recommendation of a Magistrate Judge within ten (10) days of being served with a copy of the Report and Recommendation. In this case, Bartelli had ten days from August 18, 2005, to file objections with the court. The plaintiff did not file Objections within the time allotted by the Local Rules. In the plaintiff's October 5, 2005, request for an extension he indicated that he was aware that Report and Recommendations had been filed in some of his cases. He also noted that he intended to file Objections thereto by October 8, 2005. The plaintiff presents no justification for failing to timely object to the Report and Recommendation or explaining why he did not file Objections by October 8, 2005, as indicated in his October 5, 2005, request for extension of time.[3]

Bartelli's transfer from SCI Dallas to SCI Huntingdon is not a valid justification for his failure to object to the Report and Recommendation within the time allotted by the Local Rules. It is a prisoner plaintiff's obligation to notify the court in the event that he is transferred from one facility to another. This plaintiff does not appear to have timely notified the court of his transfer from S.C.I. Dallas to S.C.I. Huntingdon, despite the fact that he was provided with a Standing

---

[3]

> The plaintiff dated his Objections August 25, 2005. The plaintiff does not explain why he waited so long to file the Objections if they were actually completed on or about that date. This court remains incredulous that the plaintiff completed and signed the Objections on August 25, 2005. It does not fit that he would complete the Objections on that date yet, on October 5, 2005, file a request for an extension of time to file Objections. Moreover, the fact that the plaintiff was able to file the extension with this court belies his claim that prison staff were preventing him from sending legal mail.

Practice Order on April 28, 2004, informing him of his obligation to notify the court in the event that he was transferred to a new prison. (Doc.6). He cannot now be heard to complain that his transfer to SCI Huntingdon somehow affected his ability to file Objections. Accordingly, the plaintiff's objections should be overruled as out of time.

Even if we accept the plaintiff's Objections at this time, we would not alter our September 26, 2005, order adopting Magistrate Judge Blewitt's Report and Recommendation.[4] We adopted the Report and Recommendation and granted the motion for summary judgment or for judgment on the pleadings as the defendant established: (1) claim one of the plaintiff's complaint was time-barred by the applicable statute of limitations; (2) the plaintiff failed to exhaust his administrative remedies with regard to claim two of the complaint; and, (3) the plaintiff's third claim failed to state a cognizable claim in that his assertions of verbal abuse did not constitute "adverse actions" sufficient to support a 42 U.S.C. §1983 claim. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (holding prisoner litigating a retaliation claim must show he suffered some "adverse action" at hands of prison officials).

---

[4] When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2413 (1980).

Bartelli's present Objections fail to present any evidence to contradict that proffered by the defendant in support of his motion for summary judgment or for judgment on the pleadings. Rather, Bartelli's Objections merely restate allegations of misconduct on the part of the defendant and other S.C.I. Dallas staff. He additionally argues that his first claim is not time-barred, that he exhausted all administrative remedies regarding his second claim, but that all records were destroyed or lost, and that the defendant's conduct complained of in his third claim did rise to the level of "adverse actions." Accepting the allegations in the third claim of plaintiff's complaint as true, we nonetheless find that his assertions of misconduct do not constitute "adverse actions" sufficient to support a 42 U.S.C. §1983 claim. Viewing the facts in the light most favorable to Bartelli, we arrive at the same conclusion: claim one of the plaintiff's complaint is time-barred and the plaintiff failed to exhaust his administrative remedies with regard to his second claim. Therefore, if received within the time allotted by the Local Rule 72.3, Bartelli's Objections would not have altered our order of September 26, 2005, adopting the Report and Recommendation of Magistrate Judge Blewitt and entering judgment in favor of the defendant.

**II.     Motion For Reconsideration**

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. V. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where

the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Local Rule 7.10 requires that motions for reconsideration be filed within ten (10) days after the entry of the order at issue.

In this case, the plaintiff failed to file his motion for reconsideration within ten days of this court's September 26, 2005, order. Moreover, Mr. Bartelli cites no recent precedent that would compel this court to revisit the September 26, 2005, order. The plaintiff fails to offer any newly discovered evidence that, if discovered previously, may have affected our decision. Rather, the plaintiff merely restates the arguments found in his various responses to the defendant's motion for summary judgment and other previous filings. Finally, there is no support for the plaintiff's claims that the authorities at SCI Dallas and SCI Huntingdon obstructed his legal mail. Even if such allegations were accepted as valid, the plaintiff does not allege that the claimed obstruction involved mail and filings related to the Report and Recommendation of August 18, 2005, or our order adopting same on September 26, 2005.

It appears that the plaintiff failed to inform this court of his transfer to SCI Huntingdon in a timely fashion in contravention of the April 28, 2004, Standing

Practice Order informing him of his obligation to notify the court in the event that he was transferred to a new prison. (Doc.6). For some period of time, documents forwarded to the plaintiff at SCI Dallas were returned to the court. Bartelli waited until October 5, 2005, to forward a notice of his transfer to this court. Even then, Bartelli did not indicate a docket number on the notice. On the same date, he filed a letter asking the court for an extension until October 8, 2005, to file Objections to the various Report and Recommendations entered in his many lawsuits against SCI Dallas staff. *See Bartelli v. Jones*, 04-CV-0906, Docs. 68 and 69. The plaintiff did not meet the deadline he requested in the extension. Rather, he waited until November 14, 2005 to file Objections to the Report and Recommendation entered in this case.

The plaintiff provides no evidence of the alleged interference by prison staff. Notably, the plaintiff fails to claim that the obstruction of his mail included any filings related to the Report and Recommendation of August 18, 2005, or this court's September 26, 2005, Order adopting that Report and Recommendation. Rather, Bartelli's specific allegations of obstruction on the part of prison staff include administrative filings and filings with this court up to April 29, 2005, before the Magistrate Judge entered his Report and Recommendation on August 18, 2005, and prior to our Order of September 26, 2005, closing the case. *See* Bartelli Affidavit at 4, attached as an exhibit to Doc. 76. Accordingly, the alleged interference with the plaintiff's legal mail does not justify plaintiff's failure to file timely objections to the Report and Recommendation or to file a timely motion for reconsideration of our order entering judgment in favor of the defendant.

8

Bartelli's November 23 and 25, 2005, filings (Doc. 75 and 76) construed as a Motion for Reconsideration, will be denied. The motion was filed well beyond the time allotted for motions for reconsideration by Local Rule 7.10 (ten days). Bartelli fails to allege that any actions on the part of prison staff precluded him from receiving the Magistrate Judge's Report and Recommendation or our order adopting same, or inhibited his ability to respond to those two filings. Bartelli's allegations of obstruction of mail are unsupported by any evidence and irrelevant to this motion. It appears that any delay in receiving this court's recent orders is attributable solely to the plaintiff's failure to promptly notify the court of his transfer to SCI Huntingdon. Moreover, even if we were to accept Bartelli's motion for reconsideration, we would not alter our September 26, 2005, Order as he failed to demonstrate that we made a manifest error of law or fact, and he neglected to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *See Harsco Corp.*, 779 F.2d 906.[5]

**CONCLUSION**

The plaintiff's Objections to the Report and Recommendation (Doc. 74) are untimely. Additionally, the Objections contain only conclusory arguments that are found in the plaintiff's complaint and his brief in response to the defendant's motion for summary judgment or judgment on the pleadings. The plaintiff's motion

---

[5] We would similarly deny the plaintiff's motion if we were to construe it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) on the basis of fraud or misconduct. As noted above, Mr. Bartelli's allegations of obstruction of his legal mail are unsupported and incredible. Additionally, he fails to allege that any misconduct on the part of prison staff affected his ability to respond to either the Report and Recommendation of August 18, 2005, or the Order adopting same filed on September 26, 2005.

9

for reconsideration (Doc. 75 and 76), is similarly untimely.  Moreover, the motion for reconsideration neither establishes that this court made an error of law or fact, nor presents any newly discovered precedent or facts that might have affected our September 26, 2005, Order.  Accordingly, we will not disturb our Order of September 26, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BARTELLI, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 3:CV-04-0899 |
| | : | (JUDGE KOSIK) |
| FRITZ BLEICH, et al., | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 8th day of DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's "Objection to Report and Recommendation" (Doc. 74) is **dismissed**;

[2] the plaintiff's "Application For a Bill of Judicial Review" and "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-900, 907, 908, 909, and 910" (Doc. 75 and 76), together construed as a motion for reconsideration, are **denied**; and,

[3] the order dated September 26, 2005, adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the defendant's favor, and closing the case (Doc. 73), will stand.

                                                s/Edwin M. Kosik
                                                United States District Judge